No. 03-3089

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT



JAN ALBERT CREUSERE,

    Plaintiff-Appellant,

v.

JAMES HUNT CONSTRUCTION; JAMES HUNT,

    Defendants-Appellees.

ORDER

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court. This notice is to be prominently displayed if this decision is reproduced.

Before: MARTIN and MOORE, Circuit Judges; MCKEAGUE, District Judge.[*]

Jan Albert Creusere, proceeding pro se, appeals a district court judgment dismissing his employment discrimination suit filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Seeking monetary and equitable relief, Creusere, a carpenter by trade, filed suit against his former employer, James Hunt Construction Company, and its president, James Hunt, for: 1) discriminating against him on the basis of his religion by not allowing him to work on a job on Sunday; and 2) retaliating against him by temporarily laying him off after he refused to work on Saturday and offered to work on Sunday. By consent of the parties, the case was referred to a magistrate judge for final disposition. After the defendants moved for summary judgment, Creusere moved to amend his complaint to add a due process claim. The magistrate judge denied the motion

---

[*]The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

to amend, granted summary judgment to the defendants, and thereafter denied Creusere's post-judgment motions for relief from judgment and for a default judgment.

On appeal, Creusere essentially reasserts his claims, challenges the denial of his motions to amend and for a default judgment, and argues that the magistrate judge did not properly handle his requests for an extension of the discovery deadline.

As an initial matter, we note that Title VII does not permit employees and supervisors to be sued in their individual capacities. *See Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Thus, Creusere's claims are not cognizable against James Hunt as an individual.

Upon de novo review, we conclude that the magistrate judge properly granted summary judgment to the company. *See* Fed. R. Civ. P. 56(c); *Harrow Prods., Inc. v. Liberty Mut. Ins. Co.*, 64 F.3d 1015, 1019 (6th Cir. 1995). Creusere's claims lack merit regardless of whether he established a prima facie case for either religious discrimination or retaliation. The religious discrimination claim fails because the company could not reasonably accommodate Creusere's religious belief that he should not work on Saturdays. The union contract required the company to pay higher wages for work on Sundays than it had to pay for work on Saturdays. As the company would have incurred more than a de minimis economic cost if it had let Creusere work on Sunday, it would have suffered an undue hardship. *See Virts v. Consol. Freightways Corp. of Del.*, 285 F.3d 508, 516 (6th Cir. 2002).

The retaliation claim likewise fails because the company articulated a legitimate, non-discriminatory reason for laying off Creusere – it simply lacked materials needed for the employees to do their work. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800-03 (1973); *see also Morris v. Oldham County Fiscal Ct.*, 201 F.3d 784 (6th Cir. 2000). Creusere failed to establish that the company's stated reason was a pretext for discrimination.

Upon de novo review, we conclude that the magistrate judge properly denied Creusere's motion to amend to add a due process claim. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). Creusere's proposed amendment would not have withstood a motion to dismiss because the instant action does not involve any state actors and a due process claim may not

be asserted in the absence of state action. *See Mays v. Buckeye Rural Elec. Co-op, Inc.*, 277 F.3d 873, 880 (6th Cir. 2002).

The magistrate judge did not abuse his discretion by denying the motion for a default judgment based on the defendants' alleged non-compliance with discovery. Creusere did not move to compel discovery, nor did the magistrate judge enter an order compelling discovery. Thus, a default judgment for alleged non-compliance would have been inappropriate. *See* Fed. R. Civ. P. 37(b)(2)(C).

Finally, we conclude that the magistrate judge did not abuse its discretion by any of his discovery decisions. *See Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

*[signature]*
Clerk